IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:  CIRCUIT CITY STORES, INC., *et al.*,  )<br>                                                                     )<br>                     **Debtors.**                              )<br>_____)<br>ALFRED H. SIEGEL, AS TRUSTEE OF THE   )<br>CIRCUIT CITY STORES, INC. LIQUIDATING )<br>TRUST,                                                           )<br>                     **Plaintiff,**                             )<br>v.                                                                       )<br>                                                                     )<br>DENON ELECTRONICS (USA), LLC,        )<br>                                                                     )<br>                     **Defendants.**                         )<br>_____) | Case No. 08-35653-KRH<br>Chapter 11<br>(Jointly Administered)<br><br><br><br><br>Adv. Pro. No. 10-03599-KRH |

**DENON ELECTRONICS (USA), LLC'S ANSWER AND AFFIRAMTIVE
DEFENSES TO THE LIQUIDATING TRUSTEE'S COMPLAINT TO
AVOID AND RECOVER PREFERENTIAL TRANSERS AND OTHER
AMOUNTS OWING TO THE ESTATE AND OBJECTION TO CLAIM NO. 1451**

COMES NOW, Denon Electronics (USA), LLC (the "Defendant"), by the undersigned counsel, for its answer and affirmative defenses to the Liquidating Trustee's Complaint to Avoid and Recover Preferential Transfers and other Amounts Owing to the Estate and Objection to Claim No. 1451, (the "Complaint"), and states as follows:

### NATURE OF THE ACTION

1.  Paragraph 1 of the Complaint contains no allegations to which a response is required; to the extent a response is deemed necessary, Defendant denies same.

---

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
W. Ashley Burges, Esquire – VSB # 67998
Sands Anderson PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
(804) 648-1636 Telephone
(804) 783-7291 Facsimile
*Counsel for Denon Electronics (USA), LLC*

## THE PARTIES

2. Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 2 of the Complaint, and based thereon denies same. Defendant answers further that the Circuit City Stores, Inc. Liquidating Trust speaks for itself, and is the best evidence of its terms.

3. Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 3 of the Complaint, and based thereon denies same.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

## PERTINENT FACTS

**A.    General Case Background**

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

12. Defendant admits the allegations of Paragraph 12 of the Complaint.

13. Defendant admits the allegations of Paragraph 13 of the Complaint.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

**B.    The Business Relationship Between Circuit City and Defendant**

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.  Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.  Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.  Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 19 of the Complaint, and based thereon denies same.

C.  **Amounts Allegedly Owed to Defendant and Defendant's Proof of Claim**

(1)  **(Claim No. 1451)**

20.  The Defendant admits the allegations of Paragraph 20 of the Complaint.

21.  The Defendant admits the allegations of Paragraph 21 of the Complaint.

D.  **Amounts Owed to Circuit City by Defendant**

22.  Defendant denies the allegations of Paragraph 22 of the Complaint.

23.  Defendant denies the allegations of Paragraph 23 of the Complaint.

24.  Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 24, of the Complaint, and based thereon denies same.

E.  **Transfers to Defendant Made Within 90 Days Prior to the Petition Date**

25.  In response to the allegations in Paragraph 25 of the Complaint, the Defendant admits that, in the ordinary course of business, Circuit City made payments to Defendant during the 90-day period prior to commencement of the bankruptcy case, including the payments identified on Exhibit A to the Complaint.

26.  Paragraph 26 of the Complaint states conclusions of law to which no response is required; to the extent a response is required, Defendant agrees that any "Preferential Transfers" are subject to defenses under the Bankruptcy Code.

## COUNT I

**AVOIDANCE OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. § 547(B)**

27.     In response to Paragraph 27 of the Complaint, Defendant repeats and realleges all responses set forth above.

28.     Defendant admits the allegations of Paragraph 28 of the Complaint.

29.     In response to the allegations of Paragraph 29 of the Complaint, Defendant admits transfers were made to Defendant in the ordinary course of business, but denies any such transfers were preferential transfers.

30.     In response to the allegations of Paragraph 30 of the Complaint, Defendant admits transfers were made, on account of amounts owed to Defendant in the ordinary course of business, but denies any such transfers were preferential transfers.

31.     In response to the allegations of Paragraph 31 of the Complaint, Defendant admits that, during the Preference Period, transfers were made in the ordinary course of business to Defendant, but denies any such transfers were preferential transfers.

32.     Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 32 of the Complaint, and based thereon denies same.

33.     Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 33 of the Complaint, and based thereon denies same.

34.     The Defendant denies the allegations of Paragraph 34 of the Complaint.

## COUNT II

**RECOVERY OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. § 550**

35.     In response to Paragraph 35 of the Complaint, Defendant repeats and realleges all responses set forth above.

36. In response to Paragraph 36 of the Complaint, Defendant admits only that payments were received; otherwise the allegations of Paragraph 36 are denied.

37. The allegations in Paragraph 37 of the Complaint assert a conclusion of law to which no response is necessary; to the extent a response is required, the allegation is denied.

38. In response to Paragraph 38 of the Complaint, Defendant admits there are defenses to alleged preferential transfers. Defendant denies the Trustee is entitled to recover any value of payments made.

## COUNT III

## BREACH OF CONTRACT

39. In response to Paragraph 39 of the Complaint, Defendant repeats and realleges all responses set forth above.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint. Defendant further avers that the Agreements speak for themselves.

41. Defendant admits that the Agreements are valid and enforceable agreements against both Defendant and Debtor.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## COUNT IV

## UNJUST ENRICHMENT/QUASI CONTRACT

46. In response to Paragraph 46 of the Complaint, Defendant repeats and realleges all responses set forth above.

47. Paragraph 47 of the Complaint contains no allegations to which a response is required.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 50 of the Complaint, and based thereon denies same.

50. Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 50 of the Complaint, and based thereon denies same.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

## COUNT V

**TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542**

54. In response to Paragraph 54 of the Complaint, Defendant repeats and realleges all responses set forth above.

55. Paragraph 55 of the Complaint contains no allegations to which a response is required.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant presently lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 57 of the Complaint, and based thereon denies same.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. In response to the allegations contained in Paragraph 60 of the Complaint, Defendant admits it has not turned over or paid any obligations that it had no obligation to turn over or pay.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

## COUNT VI

## OBJECTION TO CLAIM 1451 - DISALLOWANCE UNDER SECTION 502(d)

62. In response to Paragraph 62 of the Complaint, Defendant repeats and realleges all responses set forth above.

63. Defendant admits the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

## COUNT VII

## OBJECTION TO CLAIM NO. 1451 - SETOFF OF THE UNPAID OBLIGATIONS

66. In response to Paragraph 66 of the Complaint, Defendant repeats and realleges all responses set forth above.

67. Paragraph 67 of the Complaint contains no allegations to which a response is required.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant admits the allegations of Paragraph 70 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. The allegations in Paragraph 72 of the Complaint assert conclusions of law to which no response is necessary; to the extent a response is required, Defendant denies same.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint, and each and every cause of action therein, fails to state a claim for which relief may be granted.

### Second Affirmative Defense

2. The transfers alleged in the Complaint, to the extent received by Defendant, were in payment of a debt incurred in the ordinary course of business or financial affairs of the Debtors and Defendant, and were made in the ordinary course of business or financial affairs of the Debtors and the Defendant.

3. Accordingly, Plaintiff is not entitled to avoid the alleged preferential transfers pursuant to 11 U.S.C. § 547(c)(2).

### Third Affirmative Defense

4. Subsequent to the transfers alleged in the Complaint, to the extent any alleged transfer was received by Defendant, Defendant provided new value to the Debtors by shipping and/or delivering new and additional goods and products to the Debtors.

5. Accordingly, Plaintiff is not entitled to avoid the alleged preferential transfers pursuant to 11 U.S.C. § 547(c)(4).

### Fourth Affirmative Defense

6. The alleged transfers, to the extent received by Defendant are not avoidable pursuant to 11 U.S.C. § 547(c)(1) to the extent any such transfer were intended by Debtors and Defendant to be a contemporaneous exchange for new value and the transfers were, in fact, contemporaneous exchanges.

### Fifth Affirmative Defense

7.   Defendant is entitled to set-off or recoup against any claim any amounts owed to it by the Debtors for unpaid post-petition service.

### Sixth Affirmative Defense

8.   Except to the extent that factual allegations contained in the Complaint are expressly admitted in the preceding paragraphs of this Answer, they are denied.  Further, Defendant denies that Plaintiff is entitled to any relief sought in this action.

WHEREFORE, Denon Electronics (USA), LLC respectfully requests that the Court enter an Order dismissing the Complaint with prejudice, awarding Denon its expenses in defending this action, and granting such other and further relief which the Court deems just and proper.

Dated:   January 31, 2011

**Respectfully Submitted,**

**DENON ELECTRONICS (USA), LLC**

   /s/ William A. Gray
William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB # 18637
W. Ashley Burges, Esquire – VSB # 67998
Sands Anderson PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
(804) 648-1636 Telephone
(804) 783-7291 Facsimile
bgray@sandsanderson.com
tebel@sandsanderson.com
aburgess@sandsanderson.com
*Counsel for Denon Electronics (USA),LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2011, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court for the Eastern District of Virginia, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to the following:

**Lynn L. Tavenner, Esquire**
**Paula S. Beran Esquire**
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

**Robert J. Feinstein, Esquire**
**John A. Morris, Esquire**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017

**Jeffrey N. Pomerantz, Esquire**
**Andrew W. Caine, Esquire**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard
Los Angeles CA 90067-4100


/s/ William A. Gray